IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PHILLIPS,

                Plaintiff,

v.

MEGA CONCRETE CONSTRUCTION, LLC,
CONNIE NOBLE, ROBERT GALLAGHER,
CLASSIC CUSTOM HOMES OF WAUNAKEE, INC.,
BRYAN SIPPLE, and IMT INSURANCE COMPANY,

                Defendants.

OPINION and ORDER

20-cv-658-jdp

---

    Three motions are before the court in this case in which plaintiff Michael Phillips alleges that he was harassed on the job because of his race. First, intervenor defendant IMT Insurance Company moves for summary judgment on its claim seeking declaratory relief that it doesn't have a duty to defend or indemnify defendant Mega Concrete Construction, LLC. Dkt. 67. Second, Phillips moves for leave to add a new insurance company as a defendant. Dkt. 73. Third, Phillips moves to dismiss defendants Classic Custom Homes of Waunakee, Inc. and Robert Gallagher with prejudice. Dkt. 76. All three motions are unopposed and all three will be granted.

    **IMT's motion for summary judgment.** In its motion, IMT says that its policy doesn't provide coverage to Mega Concrete under the circumstances of this case for several reasons, including that the conduct at issue occurred outside the policy period and Mega Concrete had notice of the conduct before the policy the period. Dkt. 68, ¶¶ 44, 48, 62–63. No other party disputes these facts, or otherwise explains why the policy provides coverage, so the court will grant IMT's motion for summary judgment and dismiss it from the case.

**Phillips's motion for leave to add a new party**. Phillips says that Mega Concrete failed to comply with its obligation under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) to disclose all insurance policies that could be used to satisfy a judgment in this case. Specifically, Phillips says that Mega Concrete had a policy with Le Mars Insurance Company that was in effect at the relevant time, and the policy covered "bodily injuries," which may include emotional distress. *See Wosinski v. Advance Cast Stone Co.*, 2017 WI App 51, ¶ 151, 377 Wis. 2d 596, 672, 901 N.W.2d 797, 834 (claim of psychological harm on its own may fall within the definition of 'bodily injury' in an insurance policy). Phillips also says that it didn't learn about the policy until Mega Concrete recently produced it as part of large document production. Phillips wishes to assert a claim against Le Mars under Wis. Stat. § 632.24, which allows injured parties to bring a direct action against a defendant's insurer on negligence claims. *See Land O'Lakes v. Joslin Trucking, Inc.,* No. 08-cv-355-bbc, 2008 WL 5205910, at *2 (W.D. Wis. Dec. 11, 2008). In this case, Phillips is asserting claims for negligent infliction of emotional distress and negligent training, supervision, and retention.

Mega Concrete doesn't challenge Phillips's allegations about what happened in discovery, so the court is persuaded that Phillips didn't engage in undue delay. The court need not decide now whether the Le Mars policy provides coverage, but Phillips has made an adequate showing that his claim isn't futile. So the court will grant the motion for leave to amend the complaint to add a claim against Le Mars.

There is a wrinkle because this case was filed more than a year ago, and the summary judgment deadline—which has already been extended—is November 15, 2021. Dkt. 63. The court will not extend that deadline further for the existing parties. But the court will allow a late motion for summary judgment by Le Mars on coverage issues. The court will give Phillips

one week to personally serve Le Mars with a summons, the complaint, and this order. By November 15, Le Mars is directed to: (1) notify the court whether it intends to move for summary judgment; and (2) propose a schedule for doing so. If the court needs additional input from the parties, it will ask.

**Phillips motion for leave to dismiss.** Phillips wishes to dismiss all of his claims against Classic Custom Homes of Waunakee, Inc. and Robert Gallagher with prejudice. That request will be granted. Phillips should omit those two defendants from the amended complaint.

### ORDER

IT IS ORDERED that:

1. Defendant IMT Insurance Company's motion for summary judgment, Dkt. 67, is GRANTED and IMT is DISMISSED with prejudice.

2. Plaintiff Michael Phillips's motions for leave to amend his complaint, Dkt. 73 and Dkt. 76, are GRANTED. Phillips may have until October 28, 2021, to file and serve an amended complaint that adds Le Mars Insurance Company and drops defendants Classic Custom Homes of Waunakee, Inc. and Robert Gallagher.

3. Le Mars may have until November 15, 2021, to do the following: (1) notify the court whether Le Mars intends to move for summary judgment on coverage issues; and (2) if it does intend to move for summary judgment, propose a schedule for doing so.

Entered October 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge