IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PHILLIPS,

                        Plaintiff,

    v.                                                              OPINION and ORDER

MEGA CONCRETE CONSTRUCTION, LLC,                                20-cv-658-jdp
ROBERT GALLAGHER, and ATLANTIC STATES
INSURANCE COMPANY,

                        Defendants.

---

This case is scheduled for a final pretrial conference on March 30. Plaintiff Michael Phillips alleges that defendant Robert Gallagher subjected him to racial harassment in May 2018 and that Gallagher's employer, defendant Mega Concrete Construction, LLC, failed to remedy the harassment. Phillips asserts claims for race discrimination, intentional infliction of emotional distress, and multiple types of negligence. This opinion will address the ten motions in limine filed by Phillips and the three filed by defendants.

ANALYSIS

A.  **Phillips's motions in limine**

1.  **Unopposed motions**

Defendants don't oppose Phillips's motions to try liability and damages together, to sequester all witnesses who are not parties or party representatives, to exclude evidence and argument about attorney fees and costs, and to allow Phillips to offer evidence of defendants' financial condition. So those motions will be granted.

### 2. Phillips's prior convictions

Phillips moves to exclude evidence of the following convictions: (1) a 2009 felony for failing to report to jail; (2) a 1998 felony for possessing cocaine with intent to deliver; (3) a 1998 felony for unlawfully possessing a gun; (4) a 2009 misdemeanor for criminal damage to property; and (5) a 2009 misdemeanor for resisting or obstructing an officer. He also moves to exclude convictions for "OWI, operating while revoked, and domestic disputes," Dkt. 138, at 3, but he doesn't provide any details about those convictions. In response, defendants say that they "intend to question Plaintiff about the matters that relate to Plaintiff's character for truthfulness, including, for example, his own admissions that he knowingly and intentionally provided an officer with a false name because he was on probation and that he knowingly violated multiple court orders not to consume alcohol, drive a vehicle, or contact a witness." Dkt. 153, at 1–2.

In ruling on this motion, the court's first task is to determine which convictions are in dispute. For the most part, Phillips identifies his past convictions by the name of the charge. Defendants refer to the underlying conduct. Neither side submitted the underlying convictions themselves.

Defendants' reference to "knowingly and intentionally provid[ing] an officer with a false name" appears to be related to Phillips's 2009 misdemeanor conviction under Wis. Stat. § 946.41(1) for resisting or obstructing an officer. Phillips acknowledges in his brief and in his deposition that the conviction is based on him giving a false name to an officer. Dkt. 138, at 3 and Dkt. 89 (Phillips Dep. 118:23–119:23). This is consistent with § 946.41(2)(a), which defines "obstructs" in part to mean "knowingly giving false information to the officer."

Defendants' reference to "knowingly violat[ing] multiple court orders not to consume alcohol, drive a vehicle, or contact a witness" appears to relate to Phillips's misdemeanor convictions for operating a vehicle while intoxicated, operating a vehicle while his license was revoked, and intimidating a witness. Phillips acknowledges each of those convictions in his deposition, and he acknowledges that some of the conduct underlying the convictions also violated court orders not to drink alcohol and not to contact a specific individual. Dkt. 89 (Phillips Dep. 122:20–128:15).

The court will allow defendants to offer evidence of Phillips's 2009 conviction under Wis. Stat. § 946.41, but not the other convictions.  Under Federal Rule of Evidence 609(a)(2), a felony or misdemeanor conviction "must be admitted" if "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." But if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later, the conviction is not admissible unless the probative value of the evidence substantially outweighs its prejudicial effect.  Fed. R. Evid. 609(b).

Phillips admits in his motion that giving a false name to a police officer is a crime of dishonesty under Rule 609(a)(2). *See* Dkt. 138, at 3. And he doesn't contend that it has been more than ten years since he was released from confinement on that charge. Instead, he cites *Gomez v. City of Chicago*, No. 13 C 05303, 2015 WL 13651138, at *3 (N.D. Ill. June 29, 2015), for the proposition that the probative value of evidence that a witness gave a false name to the police is substantially outweighed by the risk of unfair prejudice. But the witness in *Gomez* had been arrested, not convicted, of giving a false name to the police, so Rule 609 didn't apply. Rule 609(a)(2) doesn't allow for balancing of the evidence's probative value and prejudicial

effect. *United States v. Kuecker*, 740 F.2d 496, 501 (7th Cir. 1984). If the conviction is for a crime of dishonesty and less than 10 years have passed since conviction or release, the court has no discretion to exclude admission of the conviction for impeachment purposes. *Id.* So the court will deny Phillips's request to exclude the conviction for obstructing a police officer. In accordance with Rule 608(b), defendants may also inquire into the underlying conduct. *See United States v. Barnhart*, 599 F.3d 737, 747 (7th Cir. 2010). But the cross examination on that point will be limited: defendants may ask Phillips only what is necessary to establish that Phillips committed a crime of dishonesty.

As for the convictions for operating a vehicle while intoxicated, operating a vehicle while revoked, and intimidating a witness, defendants suggest that the convictions are crimes of dishonesty because they involved violations of court orders. But there are two problems with that argument. First, defendants cite no authority for the view that a violation of a court order qualifies as a crime of dishonesty. Rule 609(a)(2) "is generally limited to perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretenses, and similar crimes." *Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011) (internal quotation marks omitted). Even crimes such as theft don't qualify. *Id.* Defendants don't explain how a violation of a court order is similar to the qualifying crimes.

Second, even if a violation of a court order is a dishonest act, Rule 609(a)(2) applies only when the elements of a crime require proof or an admission of a dishonest act or statement. Phillips wasn't convicted of violating court orders; he was convicted of drunk driving, operating without a license, and intimidating a witness. None of those crimes require proof or an admission of a dishonest act or statement, so Rule 609(a)(2) doesn't apply.

Defendants identify no basis other than Rule 609(a)(2) for admitting the misdemeanor convictions discussed above, so the court will exclude those convictions. And defendants do not make any argument for admitting the convictions for failing to report to jail, possessing cocaine with intent to deliver, unlawfully possessing a gun, and criminal damage to property, so the court will exclude those as well.

### 3. Evidence of termination

Phillips moves to exclude evidence that he was fired from his job with Precision Carpentry LLC in September 2019 because he showed up to work drunk and threatened coworkers with a weapon. He also moves to exclude a recording of a telephone conversation between Phillips and his former boss about his termination.

Phillips denies that he engaged in the alleged misconduct, and he says that the evidence is barred under Federal Rule of Evidence 404 because it is meant to show that he "was the aggressor who instigated the altercation with Gallagher." Dkt. 138, at 5. And he says that the recording and an accompanying transcript are extrinsic evidence that are barred under Rule 608(b). Finally, he says that the evidence is unfairly prejudicial under Rule 403.

In response, defendants contend that the evidence is relevant to damages. They cite Phillips's testimony in his deposition that he left Wisconsin because of what happened with defendants. Dkt. 89 (Phillips Dep. 137:20–138:6). They say that the circumstances surrounding Phillips's termination provide an "alternative theory" about why he left Wisconsin. Dkt. 153, at 2. And they contend that the recording and transcript of Phillips's conversation with his boss are admissible under Rule 608(b) to "to impeach Plaintiff with statements made during the conversation with Hariu and to impeach him with his denial that the conversation with Hariu even took place." *Id.*

The court will grant this motion in part and deny it in part. If Phillips testifies that he left Wisconsin because he was distressed by the events giving rise to this lawsuit, defendants are entitled to offer evidence suggesting that there may have been other reasons motivating that decision, including his termination from Precision. But the court isn't persuaded that the circumstances of the termination are relevant. What matters to defendants' theory is that Phillips left Wisconsin because he lost his job. Defendants don't explain why evidence about the specific reasons Phillips was fired would help to impeach Phillips.  Even if the circumstances had some probative value, that value would be substantially outweighed by unfair prejudice to Phillips. And because Phillips denies that he engaged in the alleged conduct, allowing defendants to explore that issue would create a trial within a trial on a peripheral issue.

The court will allow defendants to impeach Phillips if he testifies that he left Wisconsin because of defendants' conduct, but that impeachment will be limited to evidence regarding other reasons he may have left the state. Defendants may not offer evidence regarding the specific reasons for Phillips's termination. The court will also exclude the recording and the transcript and prohibit defendants from asking Phillips about any statements in those exhibits. If evidence about the reasons Phillips was fired isn't admissible, then defendants may not rely on Rule 608(b) to present evidence that Phillips is lying about those reasons. "[O]ne may not contradict for the sake of contradiction; the evidence must have an independent purpose and an independent ground for admission." *United States v. Bonner*, 302 F.3d 776, 785 (7th Cir. 2002) (internal quotation marks omitted)).

### 4. Administrative proceedings

Phillips moves to exclude any reference to the "no probable cause" determination by the Wisconsin Equal Rights Division as irrelevant and unfairly prejudicial. Defendants

conditionally oppose the motion, contending that they have "the right to introduce evidence related to the outcome of" the ERD proceedings if Phillips "raises or references the administrative complaints." Dkt. 153, at 3.

The court will grant this motion in limine. The question whether any of the defendants discriminated against Phillips is reserved to the jury. Allowing defendants to introduce evidence of the ERD's determination would be confusing and unfairly prejudicial. *See Lewis v. City of Chicago Police Dept.*, 590 F.3d 427, 442 (7th Cir. 2009) (affirming decision to exclude EEOC's decision in a discrimination case).

Phillips doesn't ask for permission to introduce his administrative complaint, and defendants haven't filed their own motion in limine to exclude it, so the court has no occasion to speculate about whether the complaint itself is admissible at this point. If Phillips intends to discuss the complaint at trial, he should raise that issue at the final pretrial conference.

### 5.  Harm caused by this lawsuit

Phillips moves to exclude evidence or argument about "harm, cost, annoyance, or burden" this lawsuit has caused defendants. Dkt. 138, at 6. Defendants oppose this motion on the ground that Phillips is seeking punitive damages, so evidence of the burdens of this lawsuit is relevant to show that defendants "have already been deterred," and punitive damages aren't necessary for that purpose. Dkt. 153, at 3.

Defendants correctly observe that one of the purposes of punitive damages is to deter wrongful conduct. *See Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1190 (7th Cir. 1992) ("The purpose of punitive damages is to punish and deter."). But they cite no authority for their novel argument that the litigation itself can be evidence of deterrence. Every party to a lawsuit must bear costs and burdens, and some of those costs may be the direct result of the party's own

actions rather than its opponent's. If anything, the time, effort, and expense that defendants have expended opposing Phillips's claims is evidence that they have *not* been deterred by the lawsuit. Further, if the court were to allow this evidence, it could confuse the jury and waste time with potentially prejudicial details about the litigation history of this case. The court will grant Phillips's motion to exclude evidence and argument about harm caused by the lawsuit.

### 6. Prior statements and conduct by Gallagher

Phillips seeks permission to offer evidence of "Gallagher's prior use of racial slurs and racially derogatory or prejudicial remarks, statements, and conduct, or lack thereof, including but not limited to his use, knowledge, and understanding of the N-word." Dkt. 138, at 7. Phillips contends that Gallagher's past conduct and statements are relevant to rebut Gallagher's deposition testimony that he didn't realize that the n-word is a racial slur, that he didn't intend to offend Phillips when he used it, and that the slur accidentally "popped out" of his mouth. Phillips asks for "broad latitude to elicit testimony and/or present evidence regarding Gallagher's knowledge and use or non-use of racial slurs, both before and after the date of the incidents in question." *Id.* Defendants object on the ground that Phillips is seeking to introduce propensity evidence, in violation of Federal Rule of Evidence 404.

The court will grant this motion in part and deny it part without prejudice to Phillips making a more specific request at the final pretrial conference. If Gallagher testifies at trial that he didn't know that the n-word was a racial slur, and he didn't intend to offend Phillips by using it, Phillips is entitled to challenge that testimony. At summary judgment, it was undisputed that Phillips had never used the n-word before the events of this case, *see* Dkt. 110, ¶ 73, and the court concluded that the fact undermined Gallagher's testimony that the word just "popped out" of his mouth. *See* Dkt. 118, at 17. So that testimony is fair game. And

Phillips is also free to question Gallagher about his knowledge of the meaning of the n-word and his intent in using it, which are relevant to determining whether Gallagher intentionally discriminated against Phillips because of his race. Questions along those lines are not about prior bad acts and are not directed at proving that Phillips acted in accordance with a character trait, so Rule 404 doesn't apply as defendants suggest.

But the court will not give Phillips "broad latitude" to present any evidence or ask any question about Gallagher's past statements and conduct. It seems that Phillips now wishes to challenge Gallagher's testimony that he hadn't used the n-word before, but he offers no basis for questioning that testimony, and he doesn't explain how any other uses of the word would help him prove a fact that is relevant to this case. Depending on the circumstances, other statements and conduct could be probative of Gallagher's intent and therefore not barred by Rule 404. But context is important. The court will not allow Phillips to go on a fishing expedition. So if Phillips wishes to elicit testimony or present evidence of other statements or conduct by Gallagher, he will first have to identify the evidence he wants to offer or the questions he wants to ask, along with the purpose for offering it.

### 7.  Gallagher's prior arrest

Phillips seeks permission to impeach Gallagher with evidence of a 2016 arrest for battery, disorderly conduct, and domestic abuse if Gallagher denies at trial that he has been arrested. Gallagher opposes this motion on the ground that evidence of prior arrests is inadmissible, citing *United States v. Heath*, 188 F.3d 916, 921 (7th Cir. 1999).

*Heath* doesn't impose a categorical bar on presenting evidence of a witness's prior arrest. But it does make it clear that evidence of an arrest must comply with Rule 404. Rule 609(a) allows evidence of convictions, not arrests.

9

Phillips identifies no basis for concluding that Gallagher's arrest is admissible under Rule 404 or even that it is relevant to any issues in the case. And if the arrest isn't relevant, there is no reason for Phillips to ask Gallagher about it. *See Bonner*, 302 F.3d at 785. The court will deny this motion.

### B. Defendants' motions in limine

#### 1. Unopposed motions

Phillips doesn't oppose defendants' motion to exclude evidence about any party's political affiliations or viewpoints on current events or defendants' motion to exclude evidence and argument about economic damages. So those motions will be granted.

#### 2. Prior statements and conduct by Gallagher

This motion is a mirror image of Phillips' motion for permission to offer evidence of Gallagher's prior conduct and statements, and the parties make the same arguments. The court will grant the motion in part and deny it in part for the same reasons as Phillips's motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Phillips's motions in limine, Dkt. 138, are GRANTED in part and DENIED in part as follows:

   a. Phillips's motion to try liability and damages together is GRANTED.

   b. Phillips's motion to sequester witnesses who are not parties or party representatives is GRANTED.

   c. Phillips's motion to exclude evidence of his 2009 conviction for resisting or obstructing an officer is DENIED. His motion to exclude all of his other convictions is GRANTED.

   d. Phillips's motion to exclude evidence about his termination from Precision Carpentry is GRANTED in part and DENIED in part. If

Phillips testifies that he left Wisconsin because of defendants' conduct, defendants may present evidence that Phillips was terminated from his job. But defendants may not present evidence about the reasons he was fired or rely on the recording or transcript of Phillips's conversation with his former boss.

e.  Phillips's motion to exclude the Wisconsin Equal Rights Division's probable cause determination is GRANTED.

f.  Phillips's motion to exclude evidence about the harm this lawsuit has caused to defendants is GRANTED.

g.  Phillips's motion to exclude evidence and argument about attorney fees and costs is GRANTED.

h.  Phillips's motion to allow evidence of other conduct and statements of Gallagher is GRANTED in part and DENIED in part without prejudice. If Gallagher denies awareness that the n-word is a racial slur, that he didn't intend to offend Phillips, or that the word just "popped out" of his mouth, Phillips may attempt to impeach Gallagher on those points. But if Phillips wants to present evidence about other acts or statements, he must first identify for the court the evidence he intends to offer.

i.  Phillips's motion to allow evidence of Gallagher's arrest is DENIED.

j.  Philips's motion to allow evidence of defendants' financial condition is GRANTED.

2.  The motions in limine filed by defendants Robert Gallagher and Mega Concrete Construction, LLC, Dkt. 129, are GRANTED in part and DENIED in part as follows:

a.  Defendants' motion to exclude evidence about any party's political affiliations or viewpoints on current events is GRANTED.

b.  Defendants' motion to exclude evidence and argument about economic damages is GRANTED.

      c.   Defendants' motion to exclude evidence about Gallagher's other acts and statements is GRANTED in part and DENIED in part for the same reasons as Phillips's motion to allow the same evidence.

Entered March 29, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

12