IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PHILLIPS,

                Plaintiff,

    v.

MEGA CONCRETE CONSTRUCTION, LLC,
ROBERT GALLAGHER, and ATLANTIC STATES
INSURANCE COMPANY,

                Defendants.

ORDER

20-cv-658-jdp

---

This is a civil rights case in which plaintiff Michael Phillips alleged that defendant Robert Gallagher subjected him to racial harassment and that defendant Mega Concrete Construction LLC should be held liable for Gallagher's conduct. Phillips also asserted several claims under state law. Phillips sued defendant Atlantic States Insurance because it had issued an insurance policy that Phillips believed provided coverage to Mega Concrete for one or more of his claims. In response, Atlantic States filed a crossclaim against Mega Concrete and a counterclaim against Phillips, seeking a declaration on whether it has a duty to defend or indemnify Mega Concrete.

After a jury found in favor of Gallagher and Mega Concrete on all Phillips's claims, the court directed Atlantic States to show cause why its crossclaim and counterclaim should not be dismissed as moot. Dkt. 189. In response, Atlantic States appears to object to dismissal of the crossclaim and the counterclaim on both its duty to defend and its duty to indemnify. Dkt. 191.

The court will begin with the duty to indemnify. Atlantic States says that "[w]hether the plaintiff will appeal the judgment is uncertain. Thus, the case is not concluded until the

appeal time runs. Thus, the duty to indemnify is not final." *Id.* at 191. The possibility that Phillips might appeal isn't a reason to continue litigating the indemnification issue. At this point, all the claims have been resolved in defendants' favor, so there is nothing to indemnify. If Phillips chooses to appeal and he obtains relief on appeal, then the judgment will be vacated, and Atlantic States will have an opportunity to litigate the indemnification issue then. The court will dismiss as moot the crossclaim and counterclaim on the issue of indemnification.

Turning to the duty to defend, the court agrees with Atlantic States that the issue isn't moot. Atlantic States says that Mega Concrete tendered its defense to Atlantic States, but Atlantic States denied the claim. So the parties dispute whether there was a duty to defend.

The court will give Mega Concrete and Atlantic States an opportunity to jointly propose a schedule for resolving the duty-to-defend claim. If they cannot agree, they may set out their competing proposals on points of disagreement. Atlantic States asks for up to three weeks to allow the parties to resolve the issue without court assistance, so the court will set the deadline accordingly. The court will also give the parties an opportunity to be heard on the question whether the court should enter partial judgment under Federal Rule of Civil Procedure 54(b) on Phillips's claims against Mega Concrete and Gallagher.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Phillips's claim against defendant Atlantic States Insurance Company's is DISMISSED as moot. Atlantic States' crossclaim and counterclaim on the issue of indemnification is DISMISSED as moot.

2. Defendant Mega Concrete Construction LLC and Atlantic States may have until May 9, 2022, to propose a schedule for resolving Atlantic States' crossclaim on the scope of its duty to defend. If the parties don't respond by then, the court will

construe their silence to mean that they have resolved the matter, and the court will dismiss crossclaim as well.

3. The parties may have until May 9, 2022, to state their positions, along with appropriate authority, on whether the court should enter a Rule 54(b) judgment on Phillips's claims against Mega Concrete and Robert Gallagher.

Entered April 19, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3